# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE MCCLINTON, #R62401, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−1040−NJR−DGW |
| ) | |
| C/O DEAN, ) | |
| C/O WATERS, ) | |
| SGT. GREAR, ) | |
| C/O LEVANTI, ) | |
| C/O BOTARF, ) | |
| C/O HUDSON, and ) | |
| NURSE CASEY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff Maurice McClinton's Motion for Reconsideration (Doc. 12). In the Motion, Plaintiff asserts that Defendants Wexford Health Sources and Daniel Lynn should not have been dismissed from this action when the Court referred this case to the Magistrate Judge (*see* Doc. 12, p. 1). For the reasons discussed below, the motion is denied.

The Order Referring Case (Doc. 7) is an interlocutory order. Requests for reconsideration of interlocutory orders are governed by the Court's inherent power to modify and revise non-final orders at any time prior to the entry of final judgment. *See, e.g.*, *Kapco Mfg. Co.*, 773 F.2d at 154 ("A court always ha[s] the power to modify earlier orders in a pending case."); FED. R. CIV. P. 54(b) (providing that non-final orders "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.").

1

In his Motion, Plaintiff claims that Wexford Health Sources should not have been dismissed because Nurse Casey did not "promptly and appropriately" tend to his illness "as a result of Wexford Health Sources policy." (Doc. 12, p. 1). Plaintiff also claims that he "stated the wrong claim" against Defendant Lynn. *Id.* He seeks to bring a retaliation claim against Lynn, because "he only did what he did because of what Plaintiff was doing." *Id.* Plaintiff also believes he brought an adequate due process claim against Lynn based on his alleged "protective conduct" and his "covering up evidence." *Id.*

As to Wexford, the doctrine of *respondeat superior* is not applicable to actions brought pursuant to 42 U.S.C. § 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Thus Wexford cannot be liable for deliberate indifference based solely on the actions of its employee Nurse Casey. Instead, as noted in this Court's previous Order (Doc. 7), a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action).

Notably, a plaintiff "must demonstrate that the '*deliberate* action attributable to the [corporation] itself is the "moving force"' behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (citing *Bd. of the Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))). Further, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) ("[A] 'policy' of

'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*.")).

To the extent Plaintiff seeks to bring a claim against Wexford based on an unconstitutional policy, the Complaint is devoid of facts supporting that such a policy exists. His assertion in his Motion that Nurse Casey failed to act as a result of a Wexford policy is conclusory and, while it may well be relevant to Plaintiff's claims, it does not provide a basis for reconsidering the challenged order. If Plaintiff believes a policy of Wexford was the moving force behind his alleged inadequate medical care, he may seek to file an amended complaint alleging facts supporting such a claim. The Court is confident in its finding that Plaintiff did not adequately state such a claim in the original Complaint.

As to Defendant Lynn, Plaintiff's assertions that his actions were retaliatory are new and were not in his Complaint. The Court will not reconsider its Order based on allegations not found in the Complaint. If Plaintiff seeks to bring a retaliation claim against Lynn, he may attempt to do so through an amended complaint in which he alleges facts supporting such a claim.

With respect to Plaintiff's claim that he stated an adequate due process claim against Lynn for "protective conduct" and "covering up evidence," his allegations in the Complaint to this effect are minimal and conclusory. The due process clause is triggered when the government deprives an individual of life, property, or liberty. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). Plaintiff did not claim in the Complaint that Lynn's "protective conduct"

aimed at "covering up evidence" deprived him of life, property, or liberty, so the Court finds no reason to revise its Order finding no sufficient claim against Lynn.

Plaintiff has not made any arguments warranting reconsideration of this Court's Order Referring Case, and thus his Motion to Reconsider (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 5, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**