IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE McCLINTON,<br><br>        **Plaintiff,**<br><br>v.<br><br>DAVID DEAN, BRYAN WATERS, PAUL GREAR, LUCAS LEVANTI, JONATHAN BOTARF, MICHAEL HUDSON, and KASSONDRA FREEMAN,<br><br>        **Defendants.** | Case No. 18-cv-1040-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court for case management purposes. On October 7, 2021, Plaintiff Maurice McClinton was ordered to show cause why this case should not be dismissed for failure to respond to a number of Court Orders (Doc. 159). McClinton previously failed to respond to both his recruited counsel's motion to withdraw and the Court's subsequent directive to file a status report (Docs. 142 and 146). He also failed to respond to Defendants' pending motions *in limine* (Docs. 148-156). McClinton had until yesterday, October 14, 2021, to respond to the show cause order. He failed to respond.

      Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it

dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Here, the Court finds that McClinton has failed to prosecute his case. He failed to respond to three Court Orders, including the show cause order. He also failed to respond to Defendants' motions *in limine* and failed to contact them about submitting the joint pretrial order (*See* Doc. 160). It appears McClinton no longer wishes to pursue his claims because he has failed to participate in this case since his counsel sought to withdraw (Doc. 141). Accordingly, the Court finds that McClinton has failed to prosecute his case. His case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 15, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**